**United States District Court**
**District of South Carolina**

| | |
|---|---|
| Tressa R. Glover, *aka* Tressa R. Glover Parker, ) | C/A No. 5:06-1408-JFA-BM |
| ) | |
| Plaintiff, ) | |
| ) | **Report and Recommendation** |
| vs. ) | |
| ) | |
| Gregory Ezekiel Carson, *et al.*, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, Tressa R. Glover Parker (hereafter "Plaintiff"), files this action *pro se*, and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.

## BACKGROUND

Plaintiff has filed nine prior actions in this Court since August 2004. See Glover v. Rogers Townsend, et al., 5:04-21902-JFA-BM (D.S.C. 2004, hereafter "***Glover One***"); Glover v. Citifinancial, et al., 5:04-22057-JFA-BM (D.S.C. 2004, hereafter "***Glover Two***"); Glover Parker v. Orangeburg Consolidated School District Five, et al., 5:04-22938-JFA-BM (D.S.C. 2004, hereafter "***Glover Three***"); Glover Parker v. Organgeburg Consolidated School District Five, 5:05-1207-JFA-BM (D.S.C. 2005, hereafter "***Glover Four***"); Glover Parker v. Sherman Acquisitions, et al., 5:05-3102-JFA-BM (D.S.C. 2005, hereafter "***Glover Five***"); Glover Parker, et al., v. Wachovia Bank, et al., 5:05-3158-JFA-BM (D.S.C. 2005, hereafter "***Glover Six***"); and Glover Parker v. Orangeburg County Law Enforcement, et al., 5:05-3282-JFA-BM (D.S.C. 2005, hereafter "***Glover Seven***"); Glover Parker v. The State of South Carolina, et al., 5:05-3285-JFA-BM (D.S.C. 2005, hereafter "***Glover Eight***"); Glover v. Carson, et al., 5:06-1408-JFA-BM (D.S.C. 2006, hereafter "***Glover Nine***"). This Court may take judicial notice of its own records in these prior cases. Colonial Penn Ins.



Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

In *Glover One*, the Complaint consisted of a standard *pro se* complaint form with more than twenty pages of various attachments, including court records from a foreclosure action pending in the Orangeburg County Court of Common Pleas. The Plaintiff appeared to allege some species of fraud in the mortgage foreclosure. The Plaintiff filed an Application to Proceed Without Prepayment of Fees (Form AO-240), also known as an application to proceed *in forma pauperis*, but failed to provide information sufficient to evaluate the Form AO-240. The undersigned filed an order directing the Plaintiff to provide the missing financial information and also to supply this Court with necessary service papers (summons forms and USM-285 forms) to bring the case into "proper form." The USM-285 forms are required to accomplish service upon defendants in cases proceeding *in forma pauperis*. See 28 U.S.C. § 1915(d). Without the USM-285 forms, the United States Marshals are unable to effect service of process. The Plaintiff never responded to the order. On October 1, 2004, the Honorable Joseph F. Anderson, Chief United States District Judge for the District of South Carolina, dismissed *Glover One* without prejudice.

Two weeks after filing *Glover One* in August 2004, the Plaintiff filed *Glover Two*. This Complaint consisted of a standard *pro se* complaint form accompanied by single-spaced typewritten notes and memos along with attachments, including amortization schedules and copies of newspaper legal notices – a total of thirty-three (33) pages. The matter at issue appeared to be the same mortgage foreclosure with additional allegations of attorney fraud or malpractice. The Plaintiff sought to proceed *in forma pauperis* but

2



again failed to provide information sufficient to evaluate her application (Form AO-240). The undersigned filed an order directing the Plaintiff to provide the missing financial information and also to supply this Court with summons and USM-285 forms. The Plaintiff never responded to the order. On October 5, 2004, Judge Anderson dismissed **Glover Two** without prejudice.

**Glover Three** was commenced on November 9, 2004. Plaintiff filed a standard *pro se* Complaint form, this time without voluminous attachments. In the margins of the Complaint form, the Plaintiff wrote the names of the Defendants and assigned (with green highlighting) the numbers 1 through 36. Only four of the thirty-six (36) Defendants were mentioned in the narrative text of the Complaint. The "Statement of Claim" requested Plaintiff's prior cases be re-opened and the allegations apparently related to the same mortgage foreclosure proceedings. Plaintiff also attached a form used by the United States Equal Employment Opportunity Commission (EEOC), alleging sexual harassment and retaliation by Orangeburg Consolidated School District Five. The significance of the form and its relation to Plaintiff's underlying claim was not clear. Under Ellis v. United States, 356 U.S. 674 (1958), the undersigned recommended that Plaintiff's application to proceed *in forma pauperis* be denied in a Report on January 7, 2005. On February 15, 2005, Plaintiff paid the filing fee and summons forms were issued. Several Defendants appeared and filed motions for dismissal. Under Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975), orders were filed notifying Plaintiff of the pending motions and advising her that a response was required. On August 17, 2005, the undersigned filed a Report recommending that the Defendant's motions to dismiss be granted. The Report further recommended that Plaintiff's claim contesting the results of her state mortgage foreclosure action be dismissed

3



with prejudice, while any other claims be dismissed without prejudice. On October 11, 2005, Judge Anderson adopted the Report and dismissed ***Glover Three***. Plaintiff retained counsel and filed an employment discrimination action in ***Glover Four*** on April 25, 2005. Counsel's motion to withdraw as counsel of record, which was opposed by Plaintiff, was granted on May 30, 2006, and Plaintiff proceeded *pro se*. On June 30, 2006, Judge Anderson issued a Rule to Show Cause why Plaintiff should not be held in contempt for serving a document presented as an order of this Court which was not issued by this Court. Plaintiff retained counsel only for the hearing on July 13, 2006, and Judge Anderson issued an order on July 14, 2006, enjoining Plaintiff "from serving or causing to be served any bogus documents purporting to be court orders; from issuing subpoenas, writs, processes or judgments in fictitious cases; and from failing to follow the standard procedure for having subpoenas issued and served in this district." The order also placed a "stay [on] any activity in the case for 30 days so that the respondent [Plaintiff] can be evaluated for competency purposes." ***Glover Four*** is pending before this Court.

On November 2, 2005, Plaintiff filed ***Glover Five***, an action against several parties involved in her then-pending bankruptcy case. See In re: Tressa Renae Glover, BR Action No. 04-8700-B. On November 23, 2005, the undersigned filed a Report recommending summary dismissal because this Court has no jurisdiction over matters that should be raised in a pending bankruptcy proceeding. On December 27, 2005, Judge Anderson adopted the Report finding the case frivolous and dismissed ***Glover Five*** without prejudice.

On November 9, 2005, a week after filing her fifth lawsuit, Plaintiff – and another party who did not sign the pleading – commenced ***Glover Six***. The Complaint contained



no specific allegations whatsoever with regard to the majority of the named Defendants. Plaintiff alleged a "conspiracy" among other Defendants, but failed to specify the relief sought in this Court. Defendant Wachovia Bank, which was sued with regard to a state court foreclosure, could not be brought into this Court with regard to that proceeding because of the Rooker-Feldman Doctrine. On November 23, 2005, the undersigned filed a Report recommending summary dismissal. On December 27, 2005, Judge Anderson adopted the Report finding the case frivolous and dismissed ***Glover Six*** without prejudice.

***Glover Seven*** and ***Glover Eight*** were filed the same day, November 23, 2005. In ***Glover Seven*** the Complaint vaguely alleged discrimination by the Defendants, but the incomplete sentences and phrases do not make specific allegations against any of the named Defendants. The undersigned filed a Report recommending summary dismissal and denial of the request to proceed *in forma pauperis*. On December 27, 2005, Judge Anderson adopted the Report finding the case frivolous and dismissed ***Glover Seven*** without prejudice.   In ***Glover Eight*** Plaintiff sued many of the same Defendants named in ***Glover Seven*** and vaguely alleged conspiracy, discrimination and harassment, possibly in relation to the state's investigation into her allegations of employment discrimination. Plaintiff, however, provided no specific factual allegations against any of the named Defendants, other than vague allegations against the State. The Defendant State of South Carolina has immunity from suit under the Eleventh Amendment. The undersigned filed a Report recommending summary dismissal and denial of the request to proceed *in forma pauperis*. On December 27, 2005, Judge Anderson adopted the Report finding the case frivolous and dismissed ***Glover Eight*** without prejudice.



On April 12, 2006, Plaintiff filed **Glover Nine**, which named more than one hundred and fifty (150) Defendants, many of whom were Defendants in her prior cases. Again the *pro se* Complaint contained no specific allegations against the vast majority of the named Defendants. The Complaint also alleged fraud in state foreclosure proceedings again, and included allegations concerning state eviction proceedings. In a letter requesting to amend the Complaint, Plaintiff requests enforcement of the October 11, 2005 order in **Glover Three**, based on the mistaken belief that the order requires dismissal of a state foreclosure case. Just as in Plaintiff's prior case, **Glover Six**, the Report and Recommendation in **Glover Nine** explains that state court rulings cannot be set aside in a civil rights action filed in federal court because it is prohibited under the Rooker-Feldman Doctrine. The Report also recommends summary dismissal and denial of Plaintiff's request to proceed *in forma pauperis*. In addition to recommending payment of the filing fee be required in **Glover Nine**, the Report recommends that Plaintiff be required to pay the full filing fee in any future cases filed concerning fraudulent mortgage or eviction proceedings before the case can proceed beyond initial review. **Glover Nine** is pending before this Court.

Less than a month after filing **Glover Nine**, Plaintiff filed the Complaint in this action, **Glover Ten**. The Complaint names thirty (30) Defendants, but again contains no specific allegations with regard to the majority of the named Defendants. The Statement of Claim in the Complaint repeats some of Plaintiff's allegations in prior cases, such as conspiracy, harassment, mental distress, and mortgage fraud, but the factual allegations also relate to Plaintiff's arrest on October 11, 2005. The Complaint alleges false arrest and malicious prosecution, as well as seizure of personal property. In the relief section of the Complaint,



Plaintiff requests dismissal of the arrest warrant and the charges; return of personal property; monetary damages; compel attendance of drug rehabilitation program by various people; "fire, prosecute judge, clerk of court, and officers"; and compel state judges to "dismiss all actions created as a favor to " certain specified people.  For the reasons explained in the discussion section of this Report, dismissal of this case is recommended.

On July 14, 2006, Judge Anderson issued an order in both **Glover Nine** and **Glover Ten**, applying the thirty (30) day stay of activity imposed in **Glover Four** to add thirty (30) days to the one hundred and twenty (120) days allowed to serve cases under Rule 4 of the Federal Rules of Civil Procedure.  This Report and Recommendation is made prior to issuance of the summons in this case because the case is not in proper form for service, with service papers not having been provided by the Plaintiff, and because the frivolous Complaint does not require a response by Defendants to determine that the case should be dismissed pursuant to 28 U.S.C. § 1915.

## DISCUSSION

The Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980);  Estelle v. Gamble, 429 U.S. 97 (1976);  Haines v. Kerner, 404 U.S. 519 (1972);  Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978);  Gordon v. Leeke, 574 F. 2d 1147 (4th 1978).   *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  Hughes v. Rowe, supra.  Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).  Such is the



case here.

To state a cause of action under 42 U.S.C. § 1983, Plaintiff must allege that the defendant(s) deprived her of a federal right, and did so under color of state law. <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980).  The Complaint in this case begins with the allegation "Greg E. Carson, public affairs coordinator, Orangeburg Consolidated School District 5, Orangeburg, S.C., conspired to commit further harassments, false detainment/ imprisonment, mental distress, mortgage fraud and theft of property, burgurlary [sic], and murder, by perjury, creating and circulating fraudulent documents, falsifying police report(s) to create fraudulent warrant issued on October 11, 2005."  As a public official, Carson is subject to suit under § 1983.  However, Plaintiff's Complaint contains little more than the general and conclusory statement set forth hereinabove, with few specific factual allegations to explain exactly what Carson is alleged to have done. In any event, such claims as "mortgage fraud" and "theft of property" do not in and of themselves implicate the Constitution or federal law.   Hence, the general and conclusory nature of Plaintiff's allegations subject this case to summary dismissal for failure to state a claim. <u>Gomez</u>, 446 U.S. at 640; <u>see</u> <u>also</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)[Courts need not assume the truth of legal conclusions couched as factual allegations.];   <u>Bender v. Suburban Hospital, Inc.</u>, 159 F.3d 186 (4th Cir. 1998); <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987)["Even though <u>pro</u> <u>se</u> litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"].

The remaining allegations in the Complaint appear to claim false arrest and malicious prosecution.  Indeed, Carson's role in this matter appears to arise out of his

8



somehow having been involved in the issuance of an arrest warrant against the Plaintiff. To that extent, however, Carson is immune from suit under § 1983 at this time. It is well settled that a witness in a state court proceeding or persons who testified in any judicial proceedings relating to plaintiff's arrest have absolute immunity in an action for damages brought under § 1983.  *See* Briscoe v. LaHue, 460 U.S. 325, 327-346 (1983); Lowman v. Town of Concord, 1995 WL 108224 (W.D.N.Y., March 7, 1995)(collecting cases).  *See also* Kincaid v. Eberle, 712 F.2d 1023 (7th Cir.)(police officer who testifies before a grand jury has absolute immunity), *cert. denied*, 464 U.S. 1018 (1983).

In any event, to state a claim for false arrest, Plaintiff must claim an arrest made without an arrest warrant. *See* Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996).  Plaintiff concedes that a warrant was issued for her arrest, therefore the Complaint fails to state a claim for false arrest.  Further, to the extent Plaintiff's allegations that the Defendants acted unlawfully in arresting her could be construed as a malicious prosecution claim, they also fail, as the Complaint would then be subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994).  Therefore, any claims Plaintiff has asserted for false arrest and malicious prosecution should be dismissed.

In as much as Plaintiff attempts to sue for damages under § 1983 in relation to her pending criminal prosecution, her claim is again barred by the holding in Heck v. Humphrey.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that

9



> the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id., 512 U.S. at 486-87. The preclusive rule of Heck is also applicable to pretrial detainees. *See* Snodderly v. R.U.F.F., 239 F.3d 892 (7th Cir. 2001); Shamaeizadeh v. Cunigan, 182 F.3d 391 (6th Cir. 1999); Covington v. City of New York, 171F3d.117 (2nd Cir. 1999); Smith v. Holtz, 87 F.3d 108 (3rd Cir. 1996)(a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist."); Hamilton v. Lyons, 74 F.3d 99 (5th Cir. 1996). Hence, in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. Plaintiff has not demonstrated that she has successfully challenged the lawfulness of any arrest or detention.

Until the Plaintiff's charges are established as unlawful, an action under 28 U.S.C. § 1983 based on these charges will be barred by the holding in Heck v. Humphrey, supra; *See also* Schilling v. White, 58 F.2d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist). Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See* Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996)(following Heck v. Humphrey, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need



be no concern that it might be barred by the relevant statute of limitations."); and Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).  Therefore, Plaintiff's § 1983 claim for damages based on her pending criminal prosecution should be dismissed.

As to Plaintiff's request for injunctive relief, a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances.  In Younger v. Harris, 401 U.S. 37, 44 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).   The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S.  37, 43-44 (1971).  From Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In this case, it appears Plaintiff is involved in an ongoing state criminal proceeding. The second criteria has been addressed by the Supreme Court:  "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  Kelly v. Robinson, 479 U.S. 36, 49 (1986).  The Court also decided the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and



sufficient opportunity for vindication of federal constitutional rights.'" Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Plaintiff's request for injunctive relief should be dismissed.

Finally, if the Complaint is construed as challenging Plaintiff's imprisonment (to the extent she is imprisoned), her pleading is more appropriately filed pursuant to the federal habeas corpus statute, 28 U.S.C. § 2241. Although federal habeas corpus relief for a state prisoner is available post-conviction, a *pretrial* petition for habeas corpus may be brought under § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995), *cert. denied*, 517 U.S. 1123 (1996) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)). Both statutes, § 1983 and § 2241, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his [or her] confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)). However, to the extent Plaintiff wishes to "'abort a state proceeding or to disrupt the orderly functioning of state judicial processes,'" she may not proceed as she is attempting to do in this case. *Cf.* Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987) (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)).

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in the above-



captioned case *without prejudice* and without issuance and service of process.  *See* <u>Denton v. Hernandez</u>; <u>Neitzke v. Williams</u>; <u>Haines v. Kerner</u>; <u>Boyce v. Alizaduh</u>; <u>Todd v. Baskerville</u>, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(i)[frivolous].

The plaintiff's attention is directed to the notice on the following page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

August 30, 2006
Columbia, South Carolina

13



**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. \* \* \* We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

